For meaning of Abreviations, See Ternary Digest, page XII.

---

### No. 555

### SCHRAY v. STRACH, et.

#### No. 20304.    Supreme Court.

On motion to certify. Dock 2-1-27; 5 Abs. 73.

755. MECHANICS LIENS—Where notice under 8315 GC. is not given to owners under a mechanics lien, and where receiver appointed upon prayer of owners demurrers, which demurrer is sustained, and the answer and cross-petition of lien holder is dismissed, is this res adjudicata, so that the claim of sub-contractor cannot be sued upon by virtue of 8319-10 GC.?

Anna and Nellie Strach were owners of certain parcels of property and contracted with James Cook to build five houses on five parcels of land. J. C. Schray sub-contracted with Cook, by a verbal contract, to furnish material and labor for the tin work upon the houses by two contracts, one for parcels 1, 2, 3 and 4 and one for parcel 5. After completing work on the first four Schray claimed $224 as the balance due and the Strachs requested him to file a mechanics lien.

Before the 30 days in which Schray might notify the owners, had elapsed, the owners filed their petition asking for the appointment of a receiver to take charge of and finish the buildings and to marshall liens; and said receiver was duly appointed.

Schray being made a party to such action, answered, admitting failure to give notice required by 8315 GC., pleading for such omission that the receiver took charge of the property before the expiration of the 30 days. Schray alleged the contract on parcel No. 5 claiming an amount equal to his work and material therein, and that the receiver had prevented him from completing his contract, and for that reason, he did not file a lien on parcel No. 5.

The receiver, in the Hamilton Common Pleas filed a general demurrer to the answer and cross-petition of Schray on the ground that it did not state facts sufficient to constitute a cause for action. The demurrer was sustained and the Court of Appeals held likewise on said demurrer.

In the Supreme Court, on motion to certify it is contended that sustaining the demurrer prevents Schray from the right to file an action under 8319-10 GC. although the lien may be invalid; and that the dismissing of the cross-petition makes the claim res adjudicata, and no action could be therefore maintained.

It is further claimed that nobody could receive the notice as required by 8315 GC. since the original owners were out of possession and the receiver was an officer of the court.

It is claimed that even though the court found no lien, yet, it should have retained the claim of Schray and upon final distribution of funds if it should find the claim just, could give judgment against the funds.

Attorneys—Richard Hingson for Schray; Hilduff, Schulle and Gale for Strach; all of Cincinnati.